IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JESSIE N. SHARP, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-cv-00066 |
|  | ) Senior Judge Haynes |
| MAURY COUNTY JAIL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Jessie N. Sharp, an inmate at the Maury County Jail in Columbia, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Maury County Jail, Debra Wagonschutz, and Bucky Rowland. Plaintiff asserts a claim for deliberate indifference to his serious medical needs under the Eighth Amendment. Plaintiff requests that the jail pay the cost of Hepatitis C medication and additional unspecified money damages. Before the Court is Plaintiff's application to proceed in forma pauperis. (Docket Entry No. 2). Plaintiff's complaint (Docket Entry No. 1) is also before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

According to his complaint, in August 2015, Plaintiff tested positive for Hepatitis C on a routine screening at the Maury County Jail. (Docket Entry No. 1, Complaint, at 5). Plaintiff alleges that he was taken to Maury Regional Hospital to visit a doctor who told Plaintiff about a medication for Hepatitis C that costs approximately $1,000.00. Id. Plaintiff alleges that Defendant Wagonschutz told Plaintiff that the Jail would not pay for the medication because the treatment was "elective." Id. Plaintiff alleges that Defendant Wagonschutz told Plaintiff that he would have to pay for this medication in advance. Id. Plaintiff alleges that the Defendants' refusal to provide medication placed

his life at risk. Id.

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed in forma pauperis, and dismiss the complaint if it is facially frivolous or malicious, if the complaint fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). A pro se pleading must be liberally construed and is "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

To state a claim under 42 U.S.C. § 1983, Plaintiff "must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Burley v. Gagacki, 729 F.3d 610, 619 (6th Cir. 2013).

Pretrial detainees and convicted prisoners have a right to adequate medical care under the Fourteenth and Eighth Amendments. Estelle, 429 U.S. at 104. Deliberate indifference to a prisoner's serious medical needs "constitutes the 'unnecessary and wanton infliction of pain'" to violate the Eighth Amendment. Id. (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). A claim for a jailor's failure to address a prisoner's serious medical need has objective and subjective requirements. McCarthy v. Place, 313 F. App'x 810, 813 (6th Cir. 2008) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)). The objective component is a "serious medical need" that is a condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention." Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 570 (6th Cir. 2013) (quoting Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008)).

As to Defendant Wagonschutz, the mere existence of a Hepatitis C infection is not necessarily a "serious medical need" warranting treatment, such that the failure to provide treatment automatically violates the Eighth Amendment. See Hix v. Tenn. Dep't of Corr., 196 F.App'x 350, 357 n.1 (6th Cir. 2006) ("[H]epatitis C does not require treatment in all cases."). Plaintiff's complaint does not allege that the Maury Regional Hospital doctor prescribed or recommended this course of treatment.

As to the subjective component, deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. This standard requires proof that the defendant knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 834, 837. Plaintiff does not allege plausible facts that the Defendants are aware of a substantial risk to his life, if the physician or other provider did not recommend this medication.

As to Defendant Maury County Jail, a jail is not a "person" subject to an action under § 1983. See Watson v. Gill, 40 F.App'x 88, 89 (6th Cir. 2002); Travis v. Clinton Cnty. Jail, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). As to Defendant Rowland, Plaintiff does not allege any personal involvement in the decision to deny his treatment. Supervisory capacity does not make a

defendant liable for an employee's actions under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for liability under § 1983). The Sixth Circuit has explained that liability under § 1983 "must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (quoting Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir.1982)). Plaintiff has not alleged such participation by Rowland and has therefore failed to state a claim against him.

An appropriate Order is filed herewith.

**ENTERED** this the 3rd day of November, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge